# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO,
# WESTERN DIVISION

| | | |
|---|---|---|
| **SARAH KIDDY** | ) | Case No. |
| 4026 Hunters Green Drive | | |
| Florence, Kentucky 43420, | ) | Judge |
| | | |
| Plaintiff, | ) | **COMPLAINT, WITH JURY** |
| | | **DEMAND ENDORSED HEREON** |
| | ) | |
| vs. | | |
| | ) | |
| **FEDERAL HOME LOAN BANK** | ) | |
| **OF CINCINNATI** | | |
| 221 E. Fourth Street #600 | ) | |
| Cincinnati, Ohio 45202, | | |
| | ) | |
| Defendant. | | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Now comes the plaintiff, by and through counsel, and for her Complaint against the defendant she states as follows:

## PARTIES

1. Plaintiff is an adult woman who was employed by defendant between February 20, 2018 and November 20, 2018 as a Housing Financial Analyst.

2. Defendant Federal Home Loan Bank of Cincinnati is a corporation organized to conduct business in the State of Ohio and which operates throughout Southwestern Ohio.

## JURISDICTION

3. This honorable Court has jurisdiction over this cause pursuant to 42 U.S.C. § 2000e and 28 U.S.C. § 1343, as well as jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and R. C. 4112.99.

4. This honorable Court has supplemental jurisdiction over the plaintiff's state law claims, as they share a common nucleus of operative facts.

5. Venue is proper in this honorable Court as all of the actions took place within the Western Division of the Southern District of Ohio.

## FACTS

6. Plaintiff was diagnosed with debilitating anxiety and depression approximately ten years ago by a medical doctor. She also suffers from chronic migraines for which she has been prescribed medication.

7. At all times during her employment, plaintiff kept her employers informed if her disability was affecting her more than usual, especially when she had severe migraines.

8. Plaintiff's depression, anxiety, and migraine are chronic conditions constituting a disability which interfered with one or more of her major life activities; plaintiff is a disabled individual under State and Federal employment law.

9. In addition to the ongoing health conditions described in Paragraph 6, plaintiff was injured with a high ankle sprain a few months after the beginning of her employment with the defendant; plaintiff needed to take physical therapy for a number of weeks afterwards.

10. While injured, plaintiff continued to perform her employment duties for defendant and spoke to her supervisors about the possibility about taking FMLA leave for her ankle injury or using a flex-time schedule in order to assist with the difficulties associated with her injury as

well as her ongoing health issues.

11. At the time of her ankle injury, plaintiff had not been an employee of defendant long enough to qualify for FMLA.

12. Also during her period of recovery from her ankle injury, plaintiff spoke to her supervisors about getting reasonable accommodations and flexibility in her schedule in order to attend to the recovery of her ankle; defendant denied plaintiff's request for accommodations.

13. In late October 2018, plaintiff suffered from a kidney stone which required her to make visits to the hospital and prevented her from attending work for three consecutive days; upon her return, plaintiff provided a doctor note to her supervisor.

14. Through all of her health issues set forth above, plaintiff discussed with her supervisors the possibility of reasonable accommodations being made in order to enable her to complete her job duties in a way that also allowed her to attend to her health concerns and attend doctor appointments.

15. Every request for accommodation was denied by defendant.

16. Plaintiff had multiple conversations with her supervisor about possibly taking FMLA medical leave after becoming eligible in order to accommodate her disability.

17. On November 20, 2018, shortly before the date when plaintiff would have qualified for FMLA, defendant abruptly terminated plaintiff's employment without cause.

18. Defendant's termination of the plaintiff was due to her requests for accommodation and her request to take future FMLA leave as an accommodation for a disability that interfered with one or more major life activities and her several requests for reasonable accommodation for disabilities in relation to her other diagnoses.

19. Plaintiff was fired on the pretext of her attendance, which included attendance

during her ankle injury and kidney stone as well as her depressive, anxious, and migraine episodes; all other reasons which defendant cited for plaintiff's termination were also pretextual.

20. Defendant's termination of plaintiff constituted unlawful discrimination and retaliation against an employee with a disability.

21. Plaintiff filed timely charges against the defendant with the U.S. Equal Employment Opportunity Commission (hereafter, "E.E.O.C.").

22. On February 23, 2021, the E.E.O.C. issued a Dismissal and Notice of Rights which contained Notice of Suit Rights; a copy of the Dismissal and Notice of Rights is attached hereto and incorporated herein as Exhibit 1.

23. Plaintiff suffers, and will continue to suffer, injury from the defendant's illegal practices.

## COUNT ONE

### Disability Discrimination/Retaliation ADA

24. Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) of this Complaint as if fully rewritten herein.

25. Plaintiff and defendant are an "employee" and "employer" under the ADA.

26. Defendant terminated plaintiff because of her disabilities or because plaintiff requested accommodation or because plaintiff requested future accommodation of disabilities protected by the ADA.

27. Defendant's conduct was intentional, willful and malicious.

28. Defendant's unlawful discrimination against plaintiff has directly and proximately caused her to suffer loss of employment, loss of employment earnings, reasonable attorney fees, and costs of litigation, for which she seeks redress pursuant to 42 U.S.C. § 2000e, *et sequentia*.

## COUNT TWO

**Failure to Accommodate or Engage in Collaborative Process ADA**

29. Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of this Complaint as if fully rewritten herein.

30. During her tenure with defendant, plaintiff revealed a need for reasonable accommodation for her disabilities or requested reasonable accommodation of her disabilities.

31. Defendant failed to engage in an interactive or collaborative process upon learning of the possibility of plaintiff's need for reasonable accommodation or when plaintiff expressly requested reasonable accommodation for her disabilities under the ADA.

32. Defendant's conduct affecting plaintiff's tenure, terms, conditions, or privileges of employment, and leading to her discharge without just cause, constituted unlawful discriminatory practices based upon her disability and need for accommodation pursuant to the ADA.

33. Defendant's conduct was intentional, willful, or malicious.

34. Defendant's unlawful discriminatory practices against plaintiff have directly and proximately caused her to suffer loss of employment, loss of employment earnings, reasonable attorney fees, and costs of litigation, for which she seeks redress pursuant to the ADA.

## COUNT THREE

**Disability Discrimination/Retaliation R.C. Chapter 4112**

35. Plaintiff hereby incorporates paragraphs one (1) through thirty-four (34) of this Complaint as if fully rewritten herein.

36. Plaintiff and defendant are an "employee" and "employer" under R.C. Chapter 4112.

37. Defendant terminated plaintiff because of her disabilities or because plaintiff

requested accommodation or because plaintiff requested future accommodation of disabilities protected by R.C. Chapter 4112.

38. Defendant's conduct was intentional, willful and malicious.

39. Defendant's unlawful discrimination against plaintiff has directly and proximately caused her to suffer loss of employment, loss of employment earnings, reasonable attorney fees, and costs of litigation, for which she seeks redress pursuant to R.C. Chapter 4112.

### COUNT FOUR

**Failure to Accommodate or Engage in Collaborative Process R.C. Chapter 4112**

40. Plaintiff hereby incorporates paragraphs one (1) through thirty-nine (39) of this Complaint as if fully rewritten herein.

41. During her tenure with defendant, plaintiff revealed a need for reasonable accommodation for her disabilities or requested reasonable accommodation of her disabilities.

42. Defendant failed to engage in an interactive or collaborative process upon learning of the possibility of plaintiff's need for reasonable accommodation or when plaintiff expressly requested reasonable accommodation for her disabilities under R.C. Chapter 4112.

43. Defendant's conduct affecting plaintiff's tenure, terms, conditions, or privileges of employment, and leading to her discharge without just cause, constituted unlawful discriminatory practices based upon her disability and need for accommodation pursuant to R.C. Chapter 4112.

44. Defendant's conduct was intentional, willful, or malicious.

45. Defendant's unlawful discriminatory practices against the plaintiff have directly and proximately caused her to suffer loss of employment, loss of employment earnings, reasonable attorney fees, and costs of litigation, for which she seeks redress pursuant to R.C. Chapter 4112.

**PRAYER FOR RELIEF**

**WHEREFORE,** the plaintiff prays this honorable Court to award her judgment against the defendant upon her Complaint, and to grant her the following relief:

A) Declaration that the acts and practices complained of herein are in violation of 42 U.S.C. § 2000e *et sequentia* and R. C. 4112.02;

B) Injunctive relief enjoining and restraining defendant from further interfering with the rights of plaintiff and others as set forth herein;

C) Reinstatement to her position with defendant, at the same rate of income, benefits, pension, and privileges as she would have enjoyed through the date of judgment had she not been unlawfully terminated by defendant, pursuant to federal and state law;

D) Compensation for the loss of all the income, benefits, and privileges incurred from November 20, 2018 through the date of reinstatement, as well as reasonable front pay, which amount cannot yet be ascertained but is currently in excess of Eighty Thousand Dollars ($80,000.00);

E) Liquidated Damages;

F) Other Compensatory Damages;

G) Punitive Damages;

H) Interest from the date of judgment;

I) Reasonable attorney fees incurred in this action, pursuant to federal and state law;

J) The costs of this action; and,

K) Any such further relief the Court deems just or equitable.

Respectfully submitted,

    */s/ Tod J. Thompson*
Tod J. Thompson (0076446)
Plaintiff's Trial Lawyer
810 Sycamore Street, Floor Three
Cincinnati, Ohio 45202
(513) 322-4348 – Telephone
(513) 263-9001 – Facsimile
tod@tthompsonlaw.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable herein.

    */s/ Tod J. Thompson*
Tod J. Thompson (0076446)